CLIFF v CLEVELAND HEIGHTS (city)

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 10051. Decided June 10, 1929

Bernsteen & Bernsteen, Cleveland, for Cliff.

Roger A. Zucker, Cleveland, for City.

**SULLIVAN, J.**

It will be noted from an examination of the ordinance that it starts out with the preconception of a "suspicious person." It does not designate as a criminal offense the act of being a suspicious person. That is the character of person to which the remaining portion of the ordinance applies. Therefore the necessity of first proving that the person charged is under the law a "suspicious person" and that being done, in order to convict there should be evidence beyond the existence of a reasonable doubt not only that the one charged is a "suspicious person" but that he was unable to give a reasonable account of himself.

The first fact to be established, however, is that the person on trial is a suspicious person and we turn to the record to ascertain whether there is sufficient proof under the rules of criminal law to establish that fact beyond the existence of a reasonable doubt and we find therefrom that the defendant below was 24 years of age, had been married for about six years, had continually resided with his parents to

within about three months prior to his arrest, that he never had been arrested for anything involving moral turpitude or anything else excepting a minor offense not involving his character. That for nine years he had been employed by his father as a chauffeur in connection with work with The American District Telegraph Company and The Ohio Bell Telephone Company in the exceedingly important duties of conveying long distance telephone operators from the office of the companies to their homes, and this work was often done in the night season and sometimes in the early hours of the morning and at the time of his arrest even though it was in the neighborhood of two or three o'clock in the morning, he was driving his father's automobile and had steady employment, and therefore this leaves nothing in the case that would warrant his being designated a "suspicious person" excepting as the policemen who arrested him say that he drove on nine different streets in the fog on the night in question and gave more than one story as to the reason.

It is our judgment from the record that in the absence of any testimony showing a vicious or a criminal nature, previous arrests for violation of the criminal laws, being involved in acts involving moral turpitude, without any visible means of support and conduct which would arouse suspicion, that the defendant's mere misstatements on driving on numerous streets are not sufficient to prevail against his otherwise at least average character. There is a vast difference between the conduct of a person under suspicion and the conduct of a person which arouses curiosity and no doubt the officers were warranted in ascertaining who he was and what he was doing upon the night in question but all the facts herein noted as they appear in the record, had inquiry been made, ought to have determined that he was not that sort of person, under the law which establishes a suspicious person. There may have been a legitimate reason for the misstatements; he might have been bent on an errand that was secret but not criminal; he might have had a date, in the parlance of the day, that might have involved some one else, and these circumstances may have formed a basis for not satisfying the officers as to his intentions and his character.

We do not think the law as to suspicious persons, applies to the plaintiff in error in this case under the record, and for these reason the judgment of the lower court is hereby reversed as being clearly and manifestly against the weight of the evidence and inasmuch as the ultimate facts seem to be conceded from the record, upon the question under discussion, the plaintiff in error is discharged.

Vickery, PJ, and Levine, J, concur.