## HELMER v VANCE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1426. Decided March 15, 1937

Rex Miller, Dayton and Walter Connors, Dayton, for appellee.

Carroll Sprigg, Dayton, and John P. Naas, Dayton, for appellant.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined on appeal on question of law from the Court of Common Pleas of Montgomery County, Ohio.

The action originated in the Probate Court of said county and there was submitted on the pleadings and the evidence after which decision was rendered in favor of John. Vance, the appellant.

The appellee, Arlene Helmer, Administratrix, prosecuted error to the Court of Common Pleas and in that court the finding and judgment of the Probate Court was reversed and the cause remanded.

The appeal in this Court is on question of law.

Following the decision in the Probate Court and before same was journalized, the court, on request of counsel, made a separate finding of facts and law. As we read the decision of the Common Pleas Court in reversing, the finding of facts was accepted as determined, the reversal being wholly a question of law applicable to the facts as found by the Probate Court.

We have examined the Bill of Exceptions and arrive at the conclusion that the Probate Court was warranted in his finding of facts.

We do not know that there is serious contention on the part of counsel for appeal as to the finding of facts, except as to finding of no partnership.

A brief summary of facts will render understandable the nature of the controversy.

Prior to October, 1934, the appellant, John Vance, was the owner and operator of the Idle Hour Night Club located on the Wagner-Ford Road in Montgomery County, Ohio. It was desired to have a night club liquor license in the operation of said club. The appellant, Vance, was not in position to make application for such liquor license due to the fact that he had previously entered a plea of guilty to a violation of the liquor laws and thereby under the provisions of §6064-17 GC was not qualified to apply for and receive such license. Appellee's decedent, Russell Helmer, at the time was connected with the Idle Hour Club under an arangement to receive 10% of the profit.

By reason of Vance's disqualification it was arranged that the said Russell Helmer should make the application for the night club liquor license. This was done and the license was issued to Russell Helmer. There is no question that this was a direct violation of the liquor laws and undoubtedly known to be so by both Vance and Helmer. The license fee was $1000.00 which was furnished by the appellant, Vance. Part of the money was taken from what was spoken of in the record as the "bank roll". The balance was borrowed on the credit of Vance. The license permit was issued October 15th, 1934. Two months later, or on December 17, 1934, Russell Helmer died. His widow, Arlene Helmer, was appointed administratrix for the sole purpose of applying for and procuring the pro rata rebate from the Liquor Board.

Plaintiff Vance filed his action in the Probate Court praying for a temporary restraining order against the defendant and

for declaratory judgment directing the defendant to refrain from cancelling the night club liquor license and directing her to make a transfer thereof to the plaintiff as owner. Counsel for the administratrix filed a motion to dissolve this temporary restraining order which was sustained. While the action was pending the Ohio Liquor Board cancelled the license and thereupon executed check to Arlene Helmer, Administratrix, for the amount of rebate. The Liquor License Board was advised of the proceedings in Probate Court and therefore, instead of sending the check for the amount of rebate direct to the administrator, the same was mailed to the Probate Court to be held pending the final determination of the action.

Following the entry dissolving the restraining order counsel for defendant administratrix filed anwer. On April 4, 1935, plaintiff Vance filed an amended petition wherein the original petition was amended by allegations of supplemental facts relative to cancellation of permit, issuing of check in the name of administratrix, and mailing to Probate Court to be held pending proceedings. The prayer of the amended petition asks that the administratrix be compelled to account to plaintiff for the money so held by her for the use of said plaintiff and that she be ordered to endorse to the order of this plaintiff the check from the Ohio Liquor Control Board, etc.

Following the filing of the amended petition no answer was filed nor was the original answer re-filed, although it would appear that it was understood by all parties and the court that the issues were joined as though the original had been re-filed.

No question was raised as to the jurisdiction of the Probate Court to hear and determine the action as presented, nor is any such question now raised through the briefs.

The controlling issue in the case was presented through the second defense of defendant's answer which reads as follows:

"For her second defense she says that the plaintiff on or about the 14th day of May, 1928, was convicted of conspiracy in the sale of intoxicating liquors in violation of the Federal prohibition laws, and that the transactions between the plaintiff and her decedent, set forth in the petition filed herein, as a basis of the cause of action before this Court, are illegal, void and against public policy, and entitle plaintiff to no relief."

The Judge of the Probate Court found against the contention of the administratrix and for the plaintiff on the authority of Norton v Blinn, 39 Oh St 145. The syllabus in this case reads as follows:

"While courts will not enforce an illegal contract between the parties, yet, if an agent of one of the parties has, in the prosecution of the illegal enterprise for his principal, received money or other property belonging to his principal, he is bound to turn it over to him, and can not shield himself from liability therefor upon the ground of the illegality of the original transactions."

This case would seem to be controlling unless the facts in the instant case distinguish the principle there announced.

A number of cases are cited and we think the law is clearly established that courts in chancery actions █ will not grant relief where the illegal transaction is the predicate to the right of recovery. In the instant case the Common Pleas Court based his finding upon the theory that the action was one for accounting and therefore was an action triable in equity. We find ourselves unable to agree with this conclusion. The fact that █ the word "accounting" is used in the prayer of the amended petition does not necessarily fix the action as demanding relief on the chancery side of the court. La Bounte v Brumbach, et al., 126 Oh St 96; Improvement Company v Malone, 78 Oh St 232; Taylor v Brown, 92 Oh St 287. The decided cases very clearly state the rule that where the paramount issue is for recovery of money and the account a mere incident, the action is one of law. In the instant case, construing the evidence along with the pleadings we are unable to conclude that the accounting was even an incident to the action. In the final analysis the sole and only question for determination is, who is entitled to the fund.

If we were dealing with an action brought against the Liquor Board, then we would have an entirely different situation and it is very doubtful regardless of whether a law or equitable question was presented, if any relief could be granted.

Had the Liquor Board refused to con-

sider or make a rebate the issuable question would be very dissimilar. The Liquor Board are making no claim to the fund. The fact that they issued the check disclosed a renouncement of any claim by reason of the manner and method in which the license was procured. We also learn from brief of counsel for the administratrix that at the present time the check has been cashed and the fund placed in the hands of the Winters National Bank, Dayton, Ohio, to be distributed according to the final determination of the action.

Under this situation we are unable to see how a case can more clearly come under the provisions of **Norton v Blinn, 39 Oh St, supra.**

The case of **Kahn, Jr. v Walton, et al, 46 Oh St 125,** is cited. The claim is made that the announcement in this case overrules in effect **Norton v Blinn, supra.** We are not able to so conclude. The two cases are entirely dissimilar in their facts. Neither in the syllabus nor the opinion of Kahn, Jr. v Walton, is the case of Norton v Blinn referred to. We also desire to make the observation that Kahn, Jr. v Walton was decided by a divided court with two very positive dissenting opinions. We only refer to this fact for the reason that where there is such a divergence of views among the court the case of Norton v Blinn would certainly have been referred to if thought in any sense to be parallel. There is also cited the recent case of **Thatcher v Meck, 49 Oh Ap 92, (7 Abs 396).** This case purely and simply involved an accounting between partners. The reviewing court very aptly stated that they were asked to divide dollars between partners both of whom were involved in an illegal transaction. Under the facts in the instant case there was not a partnership. The fact that Russell Helmer was to receive a per cent of the profits would not constitute him a partner. Profit-sharing employment is not infrequent in present day business. Many other cases have been cited pro and con. We have examined all of them, but do not think it necessary to make further comment upon the reported cases. We find non of them in conflict with the case of Norton v Blinn, supra. A careful analysis shows that the only conflicts arose through the varying facts.

We are constrained to the conclusion that the judgment of the Common Pleas Court should be reversed and that of the Probate Court affirmed.

Entry may be drawn accordingly.
Exceptions will be allowed.

HORNBECK and GIEGER, JJ, concur.

### ON MOTION FOR REHEARING

Decided March 25, 1937

By THE COURT:

The above entitled action is now being determined on appellee's application for rehearing.

Connected with the motion is the memo of claim and citation of authorities.

We have again examined the authorities cited in the light of the present argument, but still think the case of **Norton v Blinn, 39 Oh St 145,** is controlling and and determinative of the question herein. In the preparation and release of the original opinion we had in mind and considered all questions now presented through the application for rehearing.

The application will be overruled.

BARNES, PJ and HORNBECK, J, concur.